IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC CADE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-15-2352 |
| CHASE BANK MORTGAGE CO., et al., | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

The above-captioned Complaint was filed on August 10, 2015, together with a Motion to Proceed in Forma Pauperis. The Complaint concerns Plaintiff's allegation that foreclosure proceedings have been improperly initiated against Plaintiff's property by the named Defendants. ECF 1. The foreclosure proceeding is currently pending in the Circuit Court for Baltimore City. *See O'Sullivan v. Cade,* Case Number 24013003240.[1] In light of the fact that a case is pending in another forum, this Court cannot accept jurisdiction over the claims raised in the Complaint.

To the extent Plaintiff seeks to enjoin the state court proceedings or seeks declaratory relief regarding rights to the property at issue, this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where the Anti-Injunction Act bars injunctive relief, issuance of a declaratory judgment that would have the same effect as an injunction is also unavailable. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction). Additionally, where equitable relief is sought regarding property that is already the subject of an ongoing in rem action in another court, the Court controlling the property for

---

[1] *See* http://casesearch.courts.state.md.us/inquiry

purposes of the earlier-filed suit has exclusive jurisdiction over the property. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).

In addition, foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief,* 2008 WL 4166328 (W.D. N.C 2008). To the extent Plaintiff believes the claims asserted constitute a viable defense to the foreclosure action, they may be raised in the context of that case.

To the extent Plaintiff intends to bring his Complaint under the civil rights statute, his claim likewise fails. In order to successfully assert a claim of constitutional rights violation, the Defendant must be a state actor. Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). None of the acts or conduct alleged in the complaint fall within the four categories of conduct potentially attributable to the state. "If the conduct does not fall into one of these four categories, then the private conduct is not an action

of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).

The Complaint must be dismissed.[2]

A separate Order follows

8/18/2015
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff lists a host of federal causes of action in the caption of the Complaint. ECF 1, p. 1. He fails however to explain how the named Defendants violated any of the listed statutory provisions. At base, Plaintiff, as noted, is attempting to stop state foreclosure proceedings by invoking this Court's limited jurisdiction.